PER CURIAM.
The plaintiff filed a complaint asking for declaratory relief and an accounting. The trial court, without objection of counsel, determined that there was one factual issue to be tried and impaneled a jury to try the issue. At the conclusion of plaintiff’s case, the trial court directed a verdict upon the ground that there was no evidence upon which the jury could legally find for the plaintiff on the basis of the issue of fact. Then, the trial judge, acting upon statements of counsel for the plaintiff in open court that there were no further issues, entered a judgment dismissing the complaint.
On this appeal, the plaintiff-appellant argues that the court improperly directed the verdict upon the issue of fact, and that the court erred in entering judgment of dismissal because issues remained to be determined. Based on the record, neither point presents reversible error.
After reading the briefs and listening to the oral argument of the second point on appeal, it is apparent that both the appellant and the appellee are speculating as to the effect of this judgment of dismissal upon possible future issues which may arise between the parties. Specifically, appellant raises the issue of the applicability of a contract which was in evidence to a possible future sale of the property. It is clear that the judgment of the court does not determine the applicability or applica *389 tion of the contract between the parties of April 16, 1968 to any future issue which may arise between the parties.
Affirmed.